# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-4153

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Western |
| Tynae K. Lester, also known as | * | District of Missouri. |
| Gabriel Quiles, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 28, 1999

Filed: January 31, 2000

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Tynae K. Lester appeals from an order directing him to pay restitution in the amount of $138,041.40. We decline to review Mr. Lester's arguments because in his plea agreement with the government he specifically undertook "to pay any restitution ordered by the District Court." We have held several times that a defendant's agreement to pay the restitution that a district court orders is binding. *See*, *e.g.*, *United States v. Williams*, 128 F.3d 1239, 1240 (8th Cir. 1997), and *United States v. Marsh*, 932 F.2d 710, 713 (8th Cir. 1991). Such agreements are in fact specifically authorized

by statute: 18 U.S.C. § 3663(a)(3) states that "[t]he court may ... order restitution in any criminal case to the extent agreed to by the parties in a plea agreement."

Because Mr. Lester's agreement bars this appeal, we affirm the judgment of the district court.

LOKEN, Circuit Judge, dissenting.

I respectfully dissent. In my view, a plea agreement undertaking "to pay any restitution ordered by the District Court" is not a knowing waiver of the right to appeal an *unlawful* restitution order. In this case, rejecting the government's argument at sentencing for a lesser amount, the district court ordered Tynae Lester to pay restitution for losses caused by his conspirators before he joined the conspiracy. That order is contrary to our decision in United States v. Cain, 128 F.3d 1249, 1253 (8th Cir. 1997). Accordingly, I would remand for resentencing in accordance with Cain.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.